## 7364

### McCALL v. ALEXANDER.

1. EVIDENCE.—An allegation that certain evidence was taken at a preliminary hearing does not bind the Court to admit it.
2. CHARGE—MALICIOUS PROSECUTION.—In an action for malicious prosecution an instruction that jury would be at liberty to infer malice from want of probable cause is correct, but is so nearly a charge on the facts that this Court thinks it the better practice not to use it.
3. IBID.—IBID.—There is no error in using the term "reasonable cause" for "probable cause."

Before DeVore, J., Oconee November term, 1908. Affirmed.

Action by C. H. McCall against T. E. Alexander. From judgment for plaintiff, defendant appeals.

*Mr. R. T. Jaynes* for appellant, cites: *Proof is competent in support of irrelevant allegations left in a complaint:* 61 S. C., 329; Pom. on R. & R. R., sec., 552; 82 S. C., 276. *Plaintiff must show express malice:* 70 S. C., 429; 5 S. C., 476.

*Messrs. J. R. Earle* and *Stribling & Herndon,* contra. *Mr. Earle* cites: *Evidence taken at the preliminary examination was hearsay:* 28 S. C., 303.

*Mr. Herndon,* cites: *Evidence at preliminary not competent:* 1 N. & McC., 411; 29 S. C., 317; 15 Ency., 316. *There being evidence to support the verdict, refusal of new trial is within discretion of trial Judge:* 80 S. C., 10; 76 S. C., 320, 469; 79 S. C., 124, 173; 78 S. C., 363. *Malice may be inferred from want of probable cause:* 57 S. C., 227; 1 N. & McC., 278; 9 Rich., 204; 31 S. C., 342; 70 S. C., 427. *"Probable cause" and "reasonable cause" are synonymous:* 97 U. S., 642; 1 Cranch., 311; 8 Pet., 495; 5 Cranch., 511; 10 Wheat, 421; 2 Blantchf., 119; 57 S. C., 225.

November 8, 1909. The opinion of the Court was delivered by

Mr. Justice Woods. In this action for malicious prose-
cution, there was a verdict and judgment in favor of the
plaintiff for five hundred dollars, from which the defendant
has appealed.

The prosecution alleged to be malicious was the procuring
of a warrant for disposing of a bale of cotton without depos-
iting the money in the clerk's office, as required by statute,
on which cotton the defendant claimed to have a lien for
rent. The defendant was arrested and gave a recognizance
for his appearance at a preliminary examination. The
preliminary resulted in his discharge.

The defendant on the trial of this action offered the testi-
mony taken by the magistrate on the preliminary hearing,
as direct evidence tending to show probable cause, but the
record of the testimony was ruled out. The evidence
taken in one trial is not admissible in another, unless
the witness whose evidence is offered is dead, or
insane, or beyond the seas, or the Court is satisfied that the
witness has been kept away by the contrivance of the oppo-
site party. *Drayton* v. *Wells,* 1 N. & McC., 411; *Petrie* v.
*R. R. Co.,* 29 S. C., 317, 7 S. E., 515. As we understand,
the defendant admits this general principle, but contends
that the Court could not exclude the evidence taken before
the magistrate since it was set out in the complaint. It has,
however, been decided that while the parties cannot com-
plain of the admission of evidence in support of irrelevant
or redundant matter left in a pleading, yet the Court is quite
at liberty to exclude it. *Martin* v. *Ry. Co.,* 70 S. C., 48
S. E., 616.

The record affords no ground for the Court to reverse
the judgment on the ground that the Circuit Court refused
a new trial.

The position that the verdict was without support in the
evidence is untenable, for there was much evidence on both
sides.

The Circuit Judge charged the jury: "If you find there was no probable cause, then the jury would be at liberty to infer malice from want of probable cause." It has been held in many cases that this is a correct proposition of law. *Baker* v. *Hornick,* 57 S. C., 213, 35 S. E., 524; *Stoddard v. Roland,* 31 S. C., 342, 9 S. E., 1022; *Moffatt* v. *Hardin,* 22 S. C., 1. In view of these cases, it cannot be said that there was any reversible error in giving the instruction. Such an instruction, however, is so near to a charge on the facts that we think it would be better practice to omit it.

In his last exception, the defendant submits the Circuit Judge was in error in using in his charge the expression "reasonable cause" for the well known term "probable cause." The Court used the expressions as synonymous. While it is better to use the technically correct phrase "probable cause," there is no appreciable difference in meaning between that and "reasonable cause." *Stacy* v. *Emery,* 97 U. S., 24 L. Ed., 1035.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.