·15320

LANE v. NEW YORK LIFE INS. CO.

(17 S. E. (2d), 539)

*Messrs. Thomas, Cain & Black,* of Columbia, for appellant,

*Messrs. Gibson & Muller,* of Dillon, for respondent,

November 3, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

While there are two cases included in this appeal and governed by its result, the amount involved is small. In 1921, the respondent procured a life insurance policy for $3,000.00 from the appellant which includes the disability provisions hereinafter fully set forth. The suits were commenced about the first and eighth days, respectively, of March, 1941, the first for recovery of thirty dollars alleged to have been due by the company to the insured on February 1st preceding and the second action is for the same sum alleged to have become due on March 1st. A third action was brought for a similar sum for April but the amount sued for was paid, as was that for May. The contention, as will be seen,

appears to relate to three months and there is no explanation of record as to why the insurer paid for the third month, April, with which, however, we are not here concerned.

It was alleged in the complaints that the plaintiff became ill of disease and confined to bed on January 4, 1941, and thereby prevented from engaging in any occupation and was wholly and permanently disabled under the terms of the policy, of which due proof was filed with the insurer on or before January 28, 1941, whereby the first monthly benefit payment of thirty dollars fell due on February 1st, and the second on March 1st, which payments the insurer refused upon the ground that none was due until after the expiration of three continuous months of total disability. In addition to the latter position, the answers contain a denial that the insured was in fact totally and permanently disabled. This denial appears to have passed out of the cases for they were heard before his Honor, Judge Dennis, at Chambers, on a motion "for judgment upon the pleadings and admissions of the defendant." Appellant's exceptions relate only to the conclusion reached in the well-reasoned order that the monthly benefits were payable beginning upon the first of the month following receipt of the proof, whereupon judgment was ordered for the plaintiff.

The relevant policy provisions, with emphasis added for convenience in consideration, are as follows:

"And the Company Agrees to Pay to the Insured

"One per cent of the face of this policy *each month* during the Endowment period, if the insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof.

"Section 1—DISABILITY BENEFITS

"1. *Disability Benefits shall be effective upon receipt of due proof,* before default in the payment of premium, that the Insured became totally and permanently disabled after he received this policy and before its anniversary on which the Insured's age at nearest birthday is sixty years.

"Disability shall be deemed to be total whenever the Insured becomes wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and under this contract disability shall be presumed to be permanent after the Insured has been continuously so disabled for not less than three months and during all of that period prevented from engaging in any occupation for remuneration or profit. The permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, shall be considered a total and permanent disability without prejudice to other causes of disability.

"2. INCOME PAYMENTS—*On the first day of the calendar month following receipt of such proof,* if such disability has continued until that day, the Company will pay the Insured a sum equal to one per cent of the face of the policy and a like sum on the first day of each calendar month thereafter during the continuance of such disability within the Endowment period. Such income payments shall not reduce the sum payable in any settlement of the policy.

"3. WAIVER OF PREMIUM.—*The Company will waive payment of any premium falling due after the receipt of such proof* and during such continuous total disability, and in any settlement of the policy the Company will not deduct the premiums so waived. The loan and surrender values provided for under Sections 3 and 4 of this policy shall be calculated on the basis employed in said Sections the same as if the waived premiums had been paid as they became due.

"4. RECOVERY FROM DISABILITY.—The Company may from time to time demand due proof of the continuance of such total disability, but not oftener than once a year after such disability has continued for two full years, and upon failure to furnish such proof, or if it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, income payments shall cease and

the payment of any premium thereafter falling due shall not be waived.

"5. These Disability Benefits will not apply if the disability of the Insured shall result from military or naval service in time of war."

We have been cited no case from this Court controlling the point at issue, and we know of none. In reading the decisions of other jurisdictions we have been impressed with the statement and the fact that there is little or no uniformity in the disability provisions of life insurance policies which fact necessitates an independent consideration and analysis of practically every case, and the other decisions are naturally less valuable as guides on that account. Study of the provisions involved in the case at bar, stated above, convinces us that the able Circuit Judge reached the correct conclusion. It is rather plain, particularly referring to the above-emphasized portions of the provisions, that the monthly benefits became payable beginning on the first day of the month after receipt by the insurer of the required proof of total and permanent disability; and that the presumption created by the contract of permanency arising from continuous total disability for three months was inserted for the protection and convenience of the insured. That is, that such continued total disability will be presumed to be permanent even in the absence of other evidence of permanency.

The result indicated (and reached below) is in accord with the general rule as stated in 29 Am. Jur., 881, Insurance, Section 1168, as follows: "Although there is some authority to the contrary, it is generally held, under the varying provisions of insurance policies for the payment of disability benefits in case of total and permanent disability, that the period of such benefits begins when proof of disability is made, or at a time thereafter, specified in the particular policy, and that such period does not include any time before the making of such proof or before the time specified."

It is well established in this State and generally elsewhere, as stated in the foregoing quotation, that ordinarily only benefits accruing after proof filed are recoverable. See the collation of authorities in *Whetstone v. New York Life Ins. Co.*, 182 S. C., 150, 188 S. E., 793. A corollary of these cases is that all benefits accruing after the filing of proof are payable, subject to the controlling contract provisions. We note in the reading of other decisions that policy contracts often contain provisions that there shall be no payment of benefits until the condition of total disability has continued for definite periods of varying, specified lengths. *Vide* the terms of the policy in *Cullum v. New York Life Ins. Co., infra,* issued by the same insurer here defending and separated but little in time, the policies being dated 1919 and 1921, respectively. In this case, however, the policy specifies the first of the month succeeding the receipt of proof as the beginning payment date.

Were there ambiguity in the provisions, which we do not find, such would be of no benefit to appellant because of the rule, cited in the order below, that the doubt arising therefrom would be resolved against the insurer, who prepared the policy and chose its language. *Haselden v. Standard Mutual Life Ass'n,* 190 S. C., 1, 1 S. E. (2d), 924; *Walker v. Commercial Cas. Ins. Co.,* 191 S. C., 187, 4 S. E. (2d), 248; *Cullum v. New York Life Ins. Co., supra,* 197 S. C., 6, 14 S. E. (2d), 361; and many earlier cases in our reports. West's South Eastern Digest, Volume 19, Insurance, key number 146.

The exceptions are overruled and the judgment affirmed.

Messrs. Associate Justices Baker and Fishburne and Mr. Acting Associate Justice A. L. Gaston concur.

Mr. Acting Associate Justice L. D. Lide disqualified.

On Petition for Rehearing, December 1, 1941

*Per Curiam.*

The petition of appellant allows for no distinction between a presumed permanent disability (the presumption

arising under the contract terms when total disability continues for three months) and a disability permanent in fact, of which the insured (respondent) submitted proof; and which the insurer must have deemed satisfactory as no contest was made thereabout.

Upon careful consideration of the within petition we find that none of the matters referred to therein was either overlooked or misapprehended by the Court in the preparation of the judgment heretofore filed; hence the petition is refused.

Let this order be published with the opinion.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.