0206

Joyce C. O'NEILL, Respondent, v. William N. COOPER, Jr., Appellant.

(317 S. E. (2d) 771)

Court of Appeals

*W. Paul Culbertson*, Laurens, *for appellant.*

*A. Milling Blalock*, Clinton, *for respondent.*

---

Heard May 31, 1984.

Decided June 22, 1984.

SANDERS, Chief Justice:

In this child custody action brought by the mother, Joyce C. O'Neill, the Family Court ordered custody of the parties' minor child changed to her from the father, William N. Cooper, Jr. The father appeals. We remand for a new trial de novo.

The mother and father were divorced on July 20, 1978, at which time custody of the child was granted to the father. On April 20, 1979, the mother commenced an action seeking to obtain custody based on an alleged change of circumstances since the divorce decree. On June 1, 1979, the Family Court issued its order denying the change and continuing custody in the father but extending the visitation rights of the mother. Both parties then served Notices of Intent to Appeal. However, that appeal was dismissed by agreement, approved by further order of the Family Court dated October 10, 1979, amending visitation rights.

On July 30, 1981, the mother commenced this action again seeking custody of the child based on a change of condition. The Family Court issued its order on December 30, 1981, changing custody of the child to the mother. The father appeals from this order, contending the trial judge erred in finding a material change in circumstances and in failing to award him attorney's fees.

The child was born on July 1, 1972. She was barely 6 years old when custody was first granted to the father. At the time the issue of her custody was last before the Family Court, she was 9 years old. She is now almost 12 years old.

The trial judge found a material change in circumstances had occured "not conducive to the emotional development and welfare" of the child as a result of the father's remarriage and bringing the daughter of his present wife into the home. He based his finding, in part, on an in camera conference which he had with the child at the time the case was before him.

Under the circumstances, we are of the opinion that the best interest of this child cannot be determined based on the record before us which is now more than 2½ years old. *See Cook v. Cook*, 280 S. C. 91, 311 S. E. (2d) 90 (S. C. App. 1984).

Accordingly, this case is remanded to the Family Court for a trial de novo on the issue of whether a change in circumstances has occurred since June 1, 1979 (the date of the last order affirming custody in the father) which warrants a change of custody to the mother. The trial judge should also then determine the issue of attorney's fees.

Remanded.

GARDNER and GOOLSBY, JJ., concur.