## 0913

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent
v. John DOE, Appellant.

(355 S. E. (2d) 543)

Court of Appeals

*Jane-Ashley Myrick McMillan,* Greenville, *for appellant.*

*Timothy L. Brown,* Greenville, *for respondent.*

*Donna Moseley-Coleman,* Greenville, *guardian ad litem,* for *Jane Doe, a minor under the age of fourteen years.*

Heard Nov. 11, 1986.

Decided March 30, 1987.

BELL, Judge:

This appeal presents the important question of whether hearsay evidence is admissible to prove that a parent has sexually abused his child. The family court held there is a "child abuse" exception to the rule against hearsay and admitted the evidence. We reverse.

The Department of Social Services commenced this action pursuant to Section 20-7-650(H), Code of Laws of South Carolina, 1976, as amended, seeking a determination that it had reasonable cause to initiate child protective services. The Department alleged that one John Doe had sexually abused his three and a half year old daughter by performing oral sex on her and fondling her genital area. In his answer, Doe denied all allegations of sexual abuse.

The family court judge ruled *in limine* that the Department could use out of court statements allegedly made by the child to third parties to prove a case of sexual abuse. After hearing the matter, the court entered an order finding Doe had sexually abused the child. The court also concluded that, without the hearsay evidence, the alleged event could not have been established.

## I.

Hearsay consists of out of court statements offered in evidence to prove the truth of the matter asserted. *Yaeger v. Murphy*, 354 S. E. (2d) 393 (S. C. Ct. App. 1987). As evidence derived mediately through a person who has no direct knowledge of the facts to which he testifies, hearsay is inferior to evidence derived immediately through one who testifies from personal knowledge and observation.

The rule against hearsay provides that statements made out of court, without an opportunity for cross examination of the declarant and without the sanction of an oath, shall not be received as evidence in judicial proceedings. *Haselden v. Standard Mutual Life Association*, 190 S. C. 1, 1 S. E. (2d) 924 (1939). "The theory of the hearsay rule is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of cross examination." 5 J. Wigmore, Evidence in Trials at Common Law § 1362, at 3 (rev. ed. 1974); *see also Jones v. Charleston & Western Carolina Railway*, 144 S. C. 212, 142 S. E. 516 (1928) (reason for rule of exclusion is that hearsay is not subject to ordinary tests required by law for ascertaining its truth, the declarant not being subject to cross examination in presence of a court of justice).

Any man of experience who has heard tales told by one man against his neighbor, behind his back, and again told, when placed face to face, and new views are suggested by the man he had accused, and possibly belied — any one that has known such occurrences, will readily conceive ... of the justice, reason, and necessity of applying, to every witness, this ... test of the truth of his narration. Experience has proved that it is, of all

others, the most effective, the most satisfactory, and the most indispensable test of the evidence narrated on the witness's stand. * * * * I know of no disagreement among the expounders of evidence upon the importance of the cross-examination.

*State v. Campbell*, 30 S. C. L. (1 Rich.) 124, 126-27 (1844).

Despite the importance of testing evidence by cross examination, the law recognizes exceptions to the rule against hearsay. *Cf. Haselden v. Standard Mutual Life Association, supra* (courts exclude hearsay unless proffered statements are within certain definite and well recognized exceptions). Experience teaches that certain classes of hearsay are substantially more trustworthy than hearsay in general. Moreover, in some cases hearsay may be the best or the only evidence available, so that the choice is between reasonably trustworthy hearsay and no evidence at all. Thus, where there is difficulty in obtaining other equally probative evidence and in the particular circumstances of the case there are sufficient guarantees that it is trustworthy, hearsay may be admitted as an exception to the general rule of exclusion. *Sugden v. Lord St. Leonards*, (1876) 1 P.D. 154, 241 (Jessel, M.R.); *Good v. A.B. Chance Co.*, 39 Colo. App. 70, 565 P. (2d) 217 (1977); *State v. Sharpe*, 195 Conn. 651, 491 A. (2d) 345 (1985); *South-West School District v. Williams*, 48 Conn. 504 (1881); *Overseers of Westfield v. Overseers of Warren*, 8 N.J.L. 249 (1826); *Potter v. Baker*, 162 Ohio St. 488, 124 N.E. (2d) 140 (1955); 5 J. Wigmore, *supra*, §§ 1421, 1422; Randall, *Survey of South Carolina Law — Evidence*, 16 S. C. L. Rev. 197, 198 (1963) (reason underlying most exceptions to hearsay rule is that some strong necessity exists for use of hearsay evidence and some safeguard exists as to its credibility). This justification for allowing exceptions to the rule rests on what are commonly called the priciples of *necessity* and *trustworthiness. See* 5 J. Wigmore, *supra*, § 1420.

In this case, the judge allowed the child's out of court statements to third persons to be presented as evidence of the truth of the matter asserted. This evidence was not admitted under any of the well recognized exceptions to the rule against hearsay. Instead, the judge created a new exception for statements made by a very young child who is the alleged victim of sexual abuse by a family member. In

his own words, the judge created this "child abuse" exception

> because of the almost impossible burden of proof were the Hearsay Rule to be strictly adhered to. * * * * Now, the Appellate Court needs to realize that if we are to address this concern, sexual abuse of very young children by a family member where there's no physical evidence of abuse, there really is only one way that we can do it and that is to rule the way I have just ruled. To do otherwise would be to cast young victims of sexual abuse by family members into a situation [in] which they have no protection at all from the State and it is my belief that society has a duty to protect people in this position who do not have the ability to protect themselves. I make this ruling without any implication that in this particular case I would find any statements that might have been made by the alleged victim to be credible at all. . . .

In other words, the judge admitted the hearsay primarily on the principle of necessity without regard to its trustworthiness.

Like the family court judge, we have a deep concern for the problem of child sexual abuse. Nevertheless, the law does not permit us to sustain his ruling.

## II.

Although the problem of abused children is as old as human history,[1] no South Carolina cases recognize a "child sexual abuse" exception to the rule against hearsay. In this respect, South Carolina is not unique. As was pointed out in *Commonwealth v. Haber*, 351 Pa. Super. 79, 505 A. (2d) 273 (1986), thirty-three states and the federal courts have codified their rules of evidence in recent years. Each of these codifications includes the hearsay rule, and each delineates numerous exceptions to the rule. None of them includes a "child sexual abuse" exception. Among the seventeen re-

---

[1] *See* Schultz, *The Sexual Abuse of Children and Minors: A Short History of Legal Control Efforts*, in The Sexual Victimology of Youth (L. Schultz ed. 1980).

maining states which retain common law rules of evidence, none has created a common law exception for out of court statements of children in sexual abuse cases. *Id.*

The proposed Uniform Rules of Evidence of the National Conference of Commissioners on Uniform State Laws contain the hearsay rule and thirty recommended exceptions. They do not include an exception for out of court statements by children. The leading treatises on evidence — Wigmore, Jones, and McCormick — do not recognize an exception for out of court statements by children. Binder's *Hearsay Handbook,* a respected practitioner's manual, does not recognize a "child abuse" exception. *Id.*

Some legislatures have recently enacted statutes permitting hearsay evidence in child abuse cases, but we agree with the observations of the *Haber* court on this legislative trend:

> It is hard for a legislator, who must periodically run for reelection, to vote against a proposed statute that makes it easier to convict persons accused of child abuse, because of the danger that an opportunistic opponent and an unsophisticated electorate may interpret such a vote as being soft on crime in general, or soft on child-abusers in particular. Politically, the safest thing for a legislator to do is to vote in favor of such a statute, regardless of its merits, and leave it to the courts to deal with the ramifications of its enactment.

*Commonwealth v. Haber,* 351 Pa. Super. at 82, 505 A. (2d) at 275 n. 1. In any event, the South Carolina General Assembly has not enacted a statutory exception, so we must decide this case according to the principles of the common law.

### III.

The general absence of a class exception for "child abuse" hearsay in the common law of evidence is no happenstance. There is no reason to believe the out of court statements of young children are substantially more trustworthy than other types of hearsay.

Certainly in this case there were serious reasons to question the reliability of the child's statements. At the time the statements were made, the child was caught in the middle of a custody dispute incident to her parents' divorce. She was

suffering from the emotional confusion of her parents' separation. Her statements were made while she was in the mother's custody and cut off from the father. The Department's own witnesses conceded the child's stories were influenced by her mother and grandmother. They were made to persons known by the mother to be potential witnesses in the litigation. They were uncorroborated by the circumstantial evidence. Some of them suggested vaginal or anal penetration, in direct conflict with objective physical evidence that the child had never suffered penetration of either area. The extent to which the child's complaints might have been suggested by the hearsay witnesses was unclear. In these circumstances, the need to subject the child's statements to the test of cross examination was acute.

The trial judge perceived these problems of trustworthiness, but he considered them as going to the weight of the evidence, not to its admissibility. In doing so, he ignored the principle that, where hearsay is concerned, trustworthiness goes to admissibility and not simply to weight. He also overlooked the importance of cross examination as a means of aiding the fact finder to determine the weight of the evidence. Without the test of cross examination, the judge was in an inferior position to weigh the child's statements against the conflicting evidence. *Cf. State v. Williams*, 285 S. C. 544, 548, 331 S. E. (2d) 354, 356 n. 1 (Ct. App. 1985).

## IV.

The judge placed his primary emphasis on the necessity of the evidence. In his order, he enumerated four criteria of necessity under which "child abuse" hearsay could be admitted: (a) the declarant is of such an age and ability that he most probably would not be available as a witness by proper qualification; (b) circumstances are such that the declarant would suffer harm if forced to testify directly; (c) there is a strong possibility the declarant would not be able to repeat the earlier assertions in court when the person against whom he is asked to testify is present; and (d) the declarant's hearsay statement is of such great importance that the event alleged could not be established without it.

Unlike the judge, we think the child should have been called as a witness if her testimony was critical. We are not

convinced the four criteria outlined by the judge establish a justification for admitting hearsay.

A.

*Tender years.* The Department contends the child's young age made her incompetent to give evidence in this case. From this assumed premise it then reasons that, since the child was unavailable to testify because of incompetence, hearsay evidence should be admitted to avoid a failure of proof. Both parts of the argument are contrary to settled rules of law.

First, a child of tender years is not per se incompetent because of age. At common law, persons fourteen years of age and older are presumed competent to give evidence; proof of competency is required for children under that age. *Rosche v. McCoy*, 397 Pa. 615, 156 A. (2d) 307 (1959); *Westbrook v. Texas & Pacific Railway*, 203 S. W. (2d) 279 (Tex. Civ. App. 1947); *Kelluem v. State*, 396 A. (2d) 166 (Del. 1978). However, young children may be, and often are, qualified to give evidence.[2]

In *Rex v. Brasier*, (1779) 1 Leach 199, the English judges unanimously recognized the rule that a child of tender years may be competent to give evidence. In that case, the defendant was indicted for assaulting an infant under the age of seven years with intent to rape. The judges concluded

> there is no precise or fixed rule as to the time within which infants are excluded from giving evidence; but their admissibility depends upon the sense and reason they entertain of the danger and impiety of falsehood, which is to be collected from their answers to questions propounded to them by the Court....

> *Id.* at 200. This rule was received by the American courts in the 19th century and is widely accepted today.[3]

---

[2] *See, e.g., State v. Cooper*, 353 S. E. (2d) 451 (S. C. 1987) (three year old witness).

[3] *See, e.g., State v. Whittier*, 21 Me. 341 (1842); *Washburn v. People*, 10 Mich. 372 (1862); *State v. Edwards*, 79 N. C. 648 (1878); *Wheeler v. United States*, 159 U. S. 523, 16 S. Ct. 93, 40 L. Ed. 244 (1895); *Carpenter v. Commonwealth*, 186 Va. 851, 44 S. E. (2d) 419 (1947); *State v. Merritt*, 236 N. C. 363, 72 S. E. (2d) 754 (1952); *State v. Pinkham*, 411 A. (2d) 1021 (Me. 1980); *State v. Fearing*, 315 N. C. 167, 337 S. E. (2d) 551 (1985); *Gaines v. Commonwealth*, _____ S. W. (2d) _____, No. 86-SC-39-MR (Ky. filed March 12, 1987).

It is the law of South Carolina. *State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976).

A child's competency to testify depends on showing to the satisfaction of the trial judge that the child is substantially rational and responsive to the questions asked and is sufficiently aware of the moral duty to tell the truth and the probability of punishment if he lies. *State v. Givens*, 267 S. C. 47, 225 S. E. (2d) 867 (1976); *State v. Green*, *supra*. If the child is mature enough (1) to understand questions and narrate answers, (2) to perceive facts accurately through the medium of the senses, (3) to recall them correctly, (4) to relate a true version of the facts perceived, (5) to know the difference between right and wrong, good and bad, (6) to understand it is right or good to tell the truth and wrong or bad to lie, (7) to be willing to tell the truth, and (8) to fear punishment if he lies, then he is competent to testify.

The question of the competency of a child witness is to be determined by the trial judge. *State v. Green*, *supra*. In making his determination, the judge must rely on his personal observation of the child's demeanor and responses to inquiry on voir dire examination. There can be no informed exercise of judicial discretion if the judge merely accepts the representation of counsel that a child is not competent, without personally examining and observing the child on voir dire. *State v. Fearing*, 315 N. C. 167, 337 S. E. (2d) 551 (1985). The judge has the duty to make an independent judicial determination of competency.

Second, the Department's equation of incompetency with unavailability is in error. Unavailability means the proponent of the hearsay is not able to produce the declarant as a witness at trial. A witness is unavailable if dead, insane, overseas, or kept away by the contrivance of the opposing party. *State v. Steadman*, 216 S. C. 579, 59 S. E. (2d) 168, *cert. denied*, 340 U. S. 850, 71 S. Ct. 78, 95 L. Ed. 623, *reh'g denied*, 340 U. S. 894, 71 S. Ct. 205, 95 L. Ed. 648 (1950); *McCall v. Alexander*, 84 S. C. 187, 65 S. E. 1021 (1909). Incompetency means that the witness lacks the mental capacity to perceive, recall, or relate the facts or to understand the duty to tell the truth when testifying.

The admission of hearsay under an exception to the rule presupposes the declarant is possessed of the qualifications of a witness in regard to competency,

personal knowledge, and the like. Thus, the declarant's competency is a precondition to the admission of his hearsay statements on grounds of unavailability. As Lord Blackburn observed in the related context of hearsay statements of a declarant unavailable because of death:

> It is impossible to say that if a person said something and could not himself, if alive, have been permitted to give testimony to prove it, he can, by dying, render that statement admissible. I think that is a self-evident proposition.

*Dysart Peerage Case*, (1881) 6 App. Cas. 489, 504. Similarly, it is impossible that a child who is incompetent to make statements as a witness can, by absenting himself from court, render those statements admissible. Generally, if the declarant was not competent at the time of making the statement, it may not be admitted into evidence through hearsay repetition. *State v. Ryan*, 103 Wash. (2d) 165, 691 P. (2d) 197 (1984).

## B.

*Harm to the child.* The Department also protests that the experience of testifying in court will be unduly traumatic for the child, thus justifying a relaxation of the hearsay rule. We have no doubt that many witnesses, adults as well as children, find a court appearance stressful. This does not strike us as a sound reason for ignoring the rule against hearsay.

In this case there was no showing of permanent harm to the child from testifying. Indeed, if we are to believe the testimony of the Department's own clinical psychologist, the child suffered no anxiety about recounting the alleged incidents of sexual abuse to strangers over a period of several months. The assertion that the child would be injured by testifying is purely conjectural. *See In re S. Children*, 102 Misc. (2d) 1015, 424 N.Y.S. (2d) 1004 (1980).

We are frankly skeptical of the vogue among child advocacy professionals to ascribe lasting psychological harm to a single courtroom appearance by a child. Where a potential for harm exists, the wise exercise of judicial discretion can protect the child witness from undue

stress. The Legislature has directed the courts to treat young witnesses sensitively. *See* Section 16-3-1530(G), Code of Laws of South Carolina, 1976. In a recent opinion, the Supreme Court upheld the discretion of trial judges to make special arrangements for receiving the evidence of young children. *State v. Cooper*, 353 S. E. (2d) 451 (S. C. 1987) (child's testimony videotaped out of presence of defendant and jury). This Court has likewise upheld trial court discretion involving young witnesses. *See State v. Hale*, 284 S. C. 348, 326 S. E. (2d) 418 (Ct. App.), *cert. denied*, 286 S. C. 127, 332 S. E. (2d) 533 (1985) (leading questions permitted). In sum, means already exist to insure a child witness is treated sensitively and in a manner designed to ameliorate the stress of giving testimony — without depriving the adverse party and the fact finder of the benefit of cross examination.

### C.

*Inability of child to testify in presence of parties.* The Department also argues the child may be unable to repeat the hearsay allegations accurately in court. Such an assertion is purely conjectural in this case, since the child was not offered as a witness. However, the Department suggests a number of abstract reasons for concern.

The Department assumes the child may be reluctant to testify in the presence of the adverse party. The solution to this problem is not to admit hearsay, but to take the child's testimony out of the presence of the party. If, after preliminary examination of the child, the judge determines the child cannot freely testify with the adverse party present, he has the discretion to exclude the party while the child is examined. *See State v. Cooper, supra; O'Neill v. Cooper*, 282 S. C. 275, 317 S. E. (2d) 771 (Ct. App. 1984); *In re Barkley*, 61 N. C. App. 267, 300 S. E. (2d) 713 (1983); *Willingham v. Willingham*, 192 Ga. 405, 15 S. E. (2d) 514 (1941). This is a well recognized procedure which we are certain is familiar to the Department's attorneys.

The Department also suggests the child's in court testimony may not be as coherent or consistent as its hearsay declarations. Again, we think the Department presents a false dilemma. We have previously held the fact finder may make allowance for inconsistencies in the

testimony of young witnesses relating incidents of sexual abuse. *See State v. Hale, supra.* Once the child has testified, its prior consistent out of court declarations may be admissible as corroborative evidence. *See State v. Cox,* 274 S. C. 624, 266 S. E. (2d) 784 (1980) (prior consistent statement of adult rape victim held admissible). Family court judges are well equipped to sift essentially truthful testimony for the imperfections caused by the pressure of the courtroom, the suggestiveness of leading questions, or the limits of a child's vocabulary. Hearsay is not admissible simply because it may sound more polished and coherent than the declarant's live testimony.

Additionally, the Department argues hearsay is necessary because the child's memory of events will have failed by the time it testifies in court. The argument is hardly plausible in this case. The alleged incidents of abuse took place as early as August 1984, yet the child was able to report them to the hearsay witnesses from May into September 1985. The trial was held on October 1, 1985. In the face of the child's consistent repetition of her story over the four months immediately preceding trial, we doubt the lapse of a few weeks would have erased her memory.

### D.

*Abuse cannot be proved without the child's statements.* The Department's final argument, which is to a great extent premised on the other three, is that hearsay evidence is the only evidence it can use to prove the alleged abuse. The Department reminds us of the obvious — people do not commit child abuse in public; the child is usually the only witness. As we have suggested, the solution is equally obvious — produce the child to testify.

### V.

In summary, we hold the family court judge erred in admitting the child's out of court statements as substantive evidence under a "child sexual abuse" exception to the rule against hearsay. Since the statements were manifestly prejudicial to Doe, the judgment must be reversed. We emphasize our holding does not preclude admission of child abuse hearsay under recognized exceptions to

the rule such as res gestae, corroboration by prior consistent statement, statements to a physician for the purpose of diagnosis or treatment, and the like. *See State v. Cox, supra* (res gestae, prior consistent statement); *Gentry v. Watkins-Carolina Trucking Co.*, 249 S. C. 316, 154 S. E. (2d) 112 (1967) (statements to physician).

Reversed.

CURETON and GOOLSBY, JJ., concur.