**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Manly Maurice Thompson, Appellant.

Appellate Case No. 2022-001038

———

Appeal From Lancaster County
William A. McKinnon, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-398
Submitted November 1, 2025 – Filed December 3, 2025

———

**AFFIRMED**

———

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———

**PER CURIAM:** Manly Maurice Thompson appeals his convictions for murder, unlawful possession of a pistol by a person convicted of violent crime, and

possession of a weapon during the commission of a violent crime and concurrent sentences of life imprisonment for murder, five years' imprisonment for unlawful possession of a pistol, and time-served for possession of a weapon during the commission of a violent crime. On appeal, Thompson argues the trial court erred in ruling an eleven-year-old witness was not competent to testify. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in finding the witness was not competent to testify. *See State v. Needs*, 333 S.C. 134, 143, 508 S.E.2d 857, 861 (1998) ("The determination of a witness's competency to testify is a question for the trial court, and the trial court's decision will not be overturned absent an abuse of discretion."); *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The witness was inconsistent in his answers to several questions; for example, although he stated at one point that he came to court to "tell the truth" and stated that lies were "evil," he also told the trial court he did not know the difference between the truth and a lie. Further, he inconsistently responded to the questions about whether he had talked to anyone regarding the incident that had occurred. Additionally, the witness stated his mother told him "what [he] was supposed to say," and the State noted for the record that "every time [S.T.] hesitated to respond, he was looking at his mother for guidance." *See S.C. Dep't of Soc. Servs. v. Doe*, 292 S.C. 211, 219, 355 S.E.2d 543, 547 (Ct. App. 1987) ("A child's competency to testify depends on showing to the satisfaction of the trial judge that the child is substantially rational and responsive to the questions asked and is sufficiently aware of the moral duty to tell the truth and the probability of punishment if he lies."); *id.* ("If the child is mature enough (1) to understand questions and narrate answers, (2) to perceive facts accurately through the medium of the senses, (3) to recall them correctly, (4) to relate a true version of the facts perceived, (5) to know the difference between right and wrong, good and bad, (6) to understand it is right or good to tell the truth and wrong or bad to lie, (7) to be willing to tell the truth, and (8) to fear punishment if he lies, then he is competent to testify."); *id.* ("The question of the competency of a child witness is to be determined by the trial [court] . . . . In making [its] determination, the [court] must rely on [its] personal observation of the child's demeanor and responses to inquiry on voir dire examination.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD, HEWITT, and TURNER, JJ., concur.**