18409

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT,
Appellant, v. J. F. GRAYDON, Respondent

(144 S. E. (2d) 485)

*Messrs. Daniel R. McLeod, Attorney General* and *J. Mc-Nary Spigner, Assistant Attorney General,* of Columbia and *Francis R. Fant* and *Paul K. Rogers,* of Anderson, *for Appellant,*

*Messrs. G. Ross Anderson, Jr.,* and *Robert O. Dupre,* of Anderson, *for Respondent,*

October 13, 1965.

BRAILSFORD, Justice.

The front portion of the lot on which the residence of J. F. Graydon is situate, three miles north of the City of Anderson, at the intersection of two highways, referred to in the record only as North Avenue and the Clemson Highway, was condemned by the South Carolina Highway Department as a right-of-way for widening the Clemson Highway to four or more lanes. The landowner refused to accept the award of the Board of Condemnation and, upon a trial *de novo* in the circuit court, the jury awarded him $4,300.00 as compensation for the taking of his property.

The department has appealed on two exceptions, both of which charge error in the refusal of the court to strike the testimony of one Charles Felton, a real estate expert who was called as a witness by the landowner. This witness expressed the opinion, based upon certain factors to which he testified that the landowner was entitled to $4,365.00 as compensation for the taking of his property.

So far as the record discloses, the only other testimony on the point was that of the landowner, who testified that his

residential property was worth $28,000.00 before the taking and only $23,000.00 after the widening of the highway. The record does not establish that the property was viewed by the jury or that there was any evidence bearing on the amount of compensation to be awarded except the testimony of these two witnesses.

Since the testimony complained of was more favorable to the department than the only other evidence upon the issue of just compensation, the record fails to show how the department could have been prejudiced by the court's refusal to strike it.

Ordinarily, the admission of incompetent evidence having some probative value upon a material issue of fact in the case is presumed to be prejudicial. *Cooper Corporation v. Jeffcoat,* 217 S. C. 489, 61 S. E. (2d) 53, and authorities cited. This rule assumes the existence of testimony both ways upon a disputed issue, and is based upon the possibility that the verdict of the jury may have been influenced, to the prejudice of the complaining party, by the improperly admitted evidence. For the reasons already stated, this record does not raise the possibility that the evidence complained of resulted in legal prejudice to the department. Therefore, the presumption fails, and, on the entire record, the error, if any, in refusing to strike the challenged evidence must be regarded as harmless.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.