22689

ORANGEBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent v. Rhonda SCHLINS and Billy Schlins, of whom Billy Schlins is, Appellant.

In the Interest of Jessie SCHLINS, DOB 8-19-77, Tiffany Schlins, DOB 6-14-81, Minors under the age of 18 years.

(354 S. E. (2d) 388)

Supreme Court

*Orin C. Briggs*, Columbia, and *Ladson H. Beach, Jr.*, Orangeburg, *for appellant.*

*John A. Nettles, South Carolina Dept. of Social Services,* Orangeburg, *for respondent.*

*Zack Townsend*, Orangeburg, *Guardian ad litem, for minor children.*

Heard Jan. 7, 1987.

Decided March 30, 1987.

RICHTER, Acting Associate Justice:

The family court found that appellant sexually abused his minor daughter. We affirm in part; reverse in part; and remand.

Respondent Department of Social Services (DSS) filed a petition alleging that appellant had sexually abused his three-year-old daughter. The petition was based on a report of suspected child abuse dated November 1, 1984. This report was similar to an earlier report which had been made on August 24, 1984. After four days of testimony, the family court issued its order on May 3, 1985. The order stated that the daughter was an abused child, that the appellant was the perpetrator of the abuse, and that custody of the child and her sister was to remain with their mother pending the outcome of an ongoing custody dispute. The order further provided that appellant was entitled to reasonable visitation with his children under the supervision of a party suitable to DSS, that appellant enroll in counseling, and that the children enroll in counseling if deemed necessary.

The allegations against appellant arose initially when the mother thought the child acted peculiarly following a weekend visit with her father. This led to the filing of a report with DSS on August 24, 1984. The sixty day statutory time limit for the completion of the investigation expired prior to the conclusion of the investigation. *See* S. C. Code Ann. § 20-7-650 (E) (1976). DSS claims that this was due, in large part, to the fact that it was unable to locate appellant in order to interview him. This initial report, therefore, was classified as unfounded for want of investigation.

During the time that DSS claims it was unable to locate appellant, the child was continuing to have her regular, unsupervised visitation with appellant every other weekend. This raises a serious question about the diligence that DSS used in its attempt to locate appellant. Based on the continued difference in the child's behavior and on the results of a doctor's examination, the case was again referred to DSS. A second report was filed on November 1, 1984.

Appellant contends that the evidence of the perpetrator's identity in this case was based on hearsay evidence which was erroneously admitted into evidence. Even though the child never testified in this case, the family court allowed four key witnesses to repeatedly quote the child's allegation that the father was the perpetrator. Under the facts of the present case, this constitutes reversible error.

An out of court statement by someone other than the person testifying which is used to prove the truth of the matter asserted constitutes hearsay and is inadmissible unless it falls within an exception. *Player v. Thompson*, 259 S. C. 600, 193 S. E. (2d) 531 (1972). The reason must often given to support the hearsay rule is that the declarant is not present and therefore is unavailable for cross-examination. *Cooper Corporation v. Jeffcoat*, 217 S. C. 489, 61 S. E. (2d) 53 (1950). In the present case, four key witnesses were repeatedly allowed to quote statements made by the three-year-old child. At no time during the proceedings did the court hear any testimony from the child or even determine if the child was capable of testifying in a "morally accountable" manner. *See State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976). We have determined that the child's statements which the witnesses were allowed to quote do not come under any exception to the hearsay rule.

None of the witnesses claimed to have been present when the abusive acts occurred and appellant's attorney objected each time a witness testified regarding statements made by the child. The error cannot be said to be cumulative. *Cf. State v. Brown*, 286 S. C. 445, 334 S. E. (2d) 816 (1985); *State v. McFarlane*, 279 S. C. 327, 306 S. E. (2d) 611 (1983). Whenever hearsay which has some probative value as to a material fact is erroneously admitted into evidence, prejudice is presumed. *Cooper Corporation v. Jeffcoat*, 217 S. C. 489, 61 S. E. (2d) 53 (1950); *State v. Williams*, 285 S. C. 544, 331 S. E. (2d) 354 (Ct. App. 1985).

We have determined that it is in the best interest of the child to affirm the portion of the family court's order which states that the mother shall retain custody of the minor children pending the outcome of the custody suit; appellant shall be entitled to reasonable visitation rights with his children; the visitation shall be supervised by DSS or a third party suitable to DSS; the visitation shall take place in the county of the children's residence; and appellant shall be responsible for his transportation to the site of visitation. This affirmation of the court order giving temporary custody of the children to their mother is in no way meant to suggest what the outcome of the custody dispute should be. We simply feel it is in the best interest of the children to

remain where they are until the custody dispute is ruled on by the family court.

We need not address appellant's remaining exceptions.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

CHANDLER, J., not participating.