22806

In re ROBERT M., a minor under the age of sixteen years, Appellant.

(362 S. E. (2d) 639)

Supreme Court

*Deputy Chief Attorney Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard Nov. 2, 1987.

Decided Nov. 23, 1987.

HARWELL, Justice:

Appellant was adjudicated delinquent, tried and convicted on charges of first degree criminal sexual conduct with a minor. The trial judge committed appellant to the custody of the South Carolina Department of Youth Services for an indeterminant term not to exceed his twenty-first birthday.

■ At the time of the alleged sexual misconduct, appellant was twelve years old and the alleged victim was four years old. Appellant contends that the trial judge erred in failing to make a preliminary determination of witness competency before considering the testimony of the four-year-old complainant.

In *State v. Pitts*, 256 S. C. 420, 182 S. E. (2d) 738 (1971), this Court held that when confronted with a timely objection to witness competency, the trial judge has a *duty* to "make such examination as will satisfy [him] as to the competency or incompetency of the person to testify, and thereupon to rule on the objection accordingly." *Id.* at 429, 182 S. E. (2d) at 743; *See also State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976) (question of witness competency to be determined by trial judge). In *State v. Pitts* and *State v. Green* we specified age, capacity, and moral and legal accountability as factors to be considered by a trial judge in determining witness competency.

The State concedes in its brief, and the following exchange demonstrates, that there was no informed exercise of judicial discretion in ruling upon the witness's competency. The State argues, however, that appellant interposed no timely objection:

Mr. Barfield: I call [the four year old witness].

The Court: *I am not going to attempt to even qualify her.* (emphasis added).

Mr. Davis: Of course, your Honor, I would register my objection with respect to her age and so forth. She will not be credible and be a reliable witness.

The Court: Well, I respect—she is four years old?

Mr. Davis: Yes, sir.

Mr. Barfield: Can I sit down, your Honor?

The Court: Yes.

The solicitor then elicited testimony from the child implicating appellant in sexual misconduct.

The record clearly reflects that appellant made a timely and sufficiently specific objection to the four-year-old's competency to testify. Equally obvious is the trial judge's failure to carry out his *State v. Pitts* duty to satisfy himself of the witness's competency.

We recently held that witness qualification is within a trial judge's discretion, and his ruling will be reversed only for an abuse thereof. *State v. Hudnall,* 293 S. C. 97, 359 S. E. (2d) 59 (1987). Here the trial judge's refusal to exercise his discretionary authority by means of a competency examination constituted reversible error. *See State v. Smith,* 276 S. C. 494, 280 S. E. (2d) 200 (1981) (abuse of discretion to refuse to exercise discretionary authority when it is warranted).

Appellant's next exception alleges trial court error in allowing the four-year-old's parents to testify as to the child's out of court statements accusing appellant of sexual misconduct. The State concedes that since we hold the trial judge did not make a proper competency determination after a timely objection, there was, in effect, no testimony from the four-year-old. The victim must testify as a condition to admitting corroborative evidence of the victim's complaint or report. *State v. Cox,* 274 S. C. 624, 266 S. E. (2d) 784 (1980). Thus, the parents' testimony here was inadmissible hearsay. *See Orangeburg County Department of Social Services v. Schlins,* 291 S. C. 477, 354 S. E. (2d) 388 (1987).

In the event of retrial we note for benefit of bench and bar the limited admissibility of complaints or reports of sexual misconduct. *State v. Cox, supra; See also State v. Munn,* 292 S. C. 497, 357 S. E. (2d) 461 (1987) (corroborative evidence of complaint or report limited to so much of complaint as identifies the time and place with that of misconduct charged).

We reverse the adjudication of delinquency and the commitment order and remand for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.