325 S.C. 243 (1997)
481 S.E.2d 703
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Reginald BEEKS and Lynnette Henry, of whom Reginald Beeks is, Respondent, and
Lynnette Henry is, Appellant.
No. 24581.
Supreme Court of South Carolina.
Heard October 17, 1996.
Decided February 18, 1997.
*244 Adam Fisher, Jr., and Lynn W. Barrett, both of The Fisher Law Firm, Greenville, for appellant.
Curtis C. Steele, Greenville, for Respondent Reginald Beeks.
Aphrodite K. Konduros, Greenville, for Respondent SCDSS.
Julie K. Hackworth, of Haynsworth, Marion, McKay & Guerard, Greenville, for GAL.
BURNETT, Justice:
The trial judge issued a final written order allegedly depriving appellant of due process of law by denying her the *245 opportunity to examine or cross-examine witnesses. We agree, reverse, and remand.

FACTS
Lynnette Henry (Mother) and Reginald Beeks (Father) had a romantic relationship from which a minor child was born in March 1989. Mother and Father never married, but shared custody of the child.
In the Fall of 1994, Father, after observing a change in the child's behavior, took the child to a pediatrician. The results of a physical examination and the child's behavior were found to be consistent with sexual abuse. With this medical conclusion and allegations made by the child against certain family members, law enforcement officials removed the child from the parents' custody and placed the child in foster care.
At the trial on December 6, 1994, South Carolina Department of Social Services (DSS) and Father completed presentation of their evidence. Mother completed presentation of her evidence except for her examination of the child. Efforts prior to trial to depose the child were not successful because of uncooperative efforts of DSS. The trial judge agreed Mother should have the opportunity to depose the child because hearsay statements attributed to the child concerning possible abuse and the identity of the abuser were admitted during the trial. The trial court issued a written order for the parties to agree on the scheduling of the child's deposition, after which the hearing would reconvene for consideration of the deposition and to hear testimony of the guardian ad litem (GAL). The GAL submitted his report at the December hearing but did not testify.
On December 22, 1994, the trial judge notified the parties to complete the deposition of the child by December 23, 1994, or a ruling would issue without it. On January 26, 1995, the trial judge issued the final order finding the child had been sexually abused by an unknown person, but excluded Father. Relying on the hearsay statements attributed to the child, the trial judge prohibited the minor from having any contact with certain members of Mother's family.

*246 ISSUE

Did the trial court deny Mother's due process rights by issuing a final order prior to concluding the trial?

DISCUSSION
Mother claims she was denied due process of law by being precluded from presenting relevant evidence and from confronting and examining the GAL. We agree.
Due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur. S.C.N.B. v. Central Carolina Livestock Market, 289 S.C. 309, 345 S.E.2d 485 (1986). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. S.C.N.B., supra.
Mother's interest in this proceeding is extraordinarily significant. Her child had been removed from her home and placed in foster care. The GAL's report recommended the child remain in foster care. A foster care worker recommended the child be placed with relatives of Father. Mother was confronted with loss of permanent custody of her child. Further, the hearsay statements attributed to the child alleged misconduct by members of Mother's family, and the trial judge's order, relying on the hearsay, implied Mother's family members were responsible for the abuse. Thus, Mother was forced to choose between her child and her family, and Mother's pending custody petition was adversely affected.
Moreover, because Mother disputed the allegations of sexual abuse and the allegations that members of her family had committed the abuse, the child's testimony was critical. Throughout the trial, various witnesses testified about allegations, attributed to the child, of sexual abuse and the identity of the perpetrators. Because of assurances by DSS that the child would testify, Mother did not object to the admission of statements attributed to the child; nor did she issue a subpoena for the child. Mother was informed by DSS in mid-trial, after most of the hearsay statements had been admitted, that the child would not be available to testify. This resulted in *247 efforts to depose the child. The trial judge acknowledged a need to hear and view the child as a witness. Yet, inexplicably, the trial judge relied on this hearsay[1] and restricted contact with the child by certain members of Mother's family.
Further, although the GAL's report was shared with the parties and the trial judge, the GAL was prevented from testifying. Because the GAL's report assists the judge in making decisions, a party should have the right to cross-examine the GAL and any witness whose testimony forms the basis of the GAL's recommendation. Shainwald v. Shainwald, 302 S.C. 453, 395 S.E.2d 441 (Ct.App.1990).
Mother was denied the opportunity to examine, cross-examine, defend her interests or to be meaningfully heard. See Frye v. Frye, 323 S.C. 72, 448 S.E.2d 586 (Ct.App.1994) (reversing the trial court for failing to allow a party the opportunity to be heard). Thus, the trial judge abused her discretion in denying Mother's right to due process of law. Therefore, we reverse and remand for proceedings not inconsistent with this opinion.
The trial judge's order was issued January 26, 1995. Because of the resulting lapse of time, the trial judge may conduct such hearings and require such reports or investigations as may be necessary to a fair disposition of the issues presented herein.
Our decision in this case renders consideration of the remaining issues unnecessary.
REVERSED AND REMANDED.
FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.
NOTES
[1] These hearsay statements did not fall within an exception. See S.C.CoDE ANN. § 19-1-180 (Law.Co-op.Supp.1995) (admitting out-ofcourt statements by a child if the child is subject to cross-examination); Orangeburg County D.S.S. v. Schlins, 291 S.C. 477, 354 S.E.2d 388 (1987) (whenever hearsay which has some probative value to a material fact is erroneously admitted into evidence, prejudice is presumed); S.C.D.S.S. v. Doe, 292 S.C. 211, 355 S.E.2d 543 (Ct.App.1987) (finding no child abuse exception to the hearsay rule).