528 S.E.2d 657

**WORSLEY COMPANIES, INC., Appellant,**

v.

**TOWN OF MOUNT PLEASANT, Commissioner of Public Works of the Town of Mt. Pleasant, South Carolina, and Angelo Hassig, Respondents.**

No. 25070.

Supreme Court of South Carolina.

Heard Nov. 17, 1999.
Decided Feb. 22, 2000.

52 

W. Andrew Gowder, Jr., of Pratt–Thomas, Pearce, Epting & Walker, P.A., of Charleston, for appellant.

James Elliott, of Barnwell, Whaley, Patterson & Helms; and Thomas J. Wills, of Wills & Massalon, both of Charleston; and R. Allen Young, of Office of Corporate Counsel, of Mt. Pleasant, for respondent Town of Mt. Pleasant.

Michael J. Feri, of Grimball & Cabaniss, of Charleston; and David G. Jennings, of North Charleston, for respondents Commissioner of Public Works of the Town of Mt. Pleasant and Angelo Hassig.

MOORE, Justice:

Appellant brought this action alleging a temporary regulatory taking and denial of substantive due process. The circuit court granted respondents summary judgment. We affirm.

## FACTS

In 1986, appellant Worsley Companies (Worsley) built a Scotchman on a tract of land (Tract B) leased from Daniel and Mildred Hall (Halls). Worsley constructed a sewer line across an adjacent tract of land (Tract A), which the Halls also owned, and connected it to Town of Mount Pleasant's (Town's) sewer system. This sewer line was never dedicated or otherwise transferred to Town or Mount Pleasant Waterworks and Sewer Commission (Commission). In 1994, Worsley was also leasing part of Tract A(A–1) owned by the Halls and began construction of a propane facility. The Halls retained the remaining portion of Tract A (Tract A–2).

In June 1994, Worsley was issued a building permit for the propane facility on Tract A–1. On August 30, 1994, Worsley applied for a water and sewer permit from Commission. Commission informed Worsley that an easement was needed for the existing sewer lines prior to the issuance of a permit. Worsley signed the easement documents and sent them to Commission. Commission responded that the easement would have to be granted by the property owners, the Halls, and not Worsley. Town refused to issue a certificate of occupancy until Worsley had water and sewer service. Worsley filed an action seeking an injunction and damages against both Town and Commission.

In January 1995, the Halls and Worsley executed an agreement which allowed Worsley access to the existing water and sewer lines which were located on Tract A–2. This agreement satisfied Commission and it granted service to Worsley. Thereafter, Town issued a certificate of occupancy. Worsley amended its complaint to dismiss the injunction cause of action but still sought damages for a temporary regulatory taking and denial of substantive due process.

## ISSUE

Did the circuit court err in granting respondents summary judgment?

## DISCUSSION

Worsley contends the circuit court erred in granting summary judgment because there were questions of fact surrounding the issues in this case. We disagree.

■ Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997); Rule 56(c), SCRCP. In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr., Inc.,* 313 S.C. 490, 443 S.E.2d 392 (1994). If triable issues exist, those issues must go to the jury. *Rothrock v. Copeland,* 305 S.C. 402, 409 S.E.2d 366 (1991).

Worsley contends Commission's and Town's refusals to issue the permit and certificate of occupancy constituted a taking of its property. The circuit court held Worsley did not have *any* protected property interest and, furthermore, the denial of the permit because of the unmet requirement of an easement over the existing sewer lines was not a taking. We agree.

■ In *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the United States Supreme Court held that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it." A clear entitlement exists in a permit when "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured." *Villager Pond, Inc., v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citing *RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 918 (2d Cir. 1989)).

■ Worsley was not entitled to a water and sewer permit because it did not comply with the conditions required by Commission. Commission has a policy of requiring an easement or some other agreement when a water and sewer line is to be connected to an existing line owned by a different party. This is to prevent one party from not allowing the other party access to the line for repairs or service and maintenance. *See* 83 Am.Jur.2d *Zoning and Planning* § 713 (1992) ("Where the responsible state agency has refused to grant a building permit based on the builder's plans not meeting the required

standards, there is no substantive due process "taking" violation."). Thus, the circuit court did not err in granting Town summary judgment.

■ The circuit court also did not err in granting summary judgment for Town. Worsley had no entitlement to the certificate of occupancy. Town's refusal to issue the certificate of occupancy to Worsley was not a regulatory taking. There was no discretion in Town's actions. Pursuant to S.C.Code Ann. § 6–10–50(h) (Supp.1998), a certificate of occupancy shall be issued only if a building is in accordance with the building permit and other applicable laws. Under Town's building regulations, a building must be connected to water and sewer service prior to the issuance of the certificate of occupancy. *See* Building Reg. § 106.1.1; Standard Plumbing Code §§ 601.2.

Worsley also contends the circuit court erred in granting summary judgment on its 42 U.S.C. § 1983 cause of action. We disagree.

■ Substantive due process protects a person from being deprived of life, liberty or property for arbitrary reasons. *Anco, Inc. v. State Health and Human Services Finance Comm'n,* 300 S.C. 432, 388 S.E.2d 780 (1989). A plaintiff must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law. *Scott v. Greenville County,* 716 F.2d 1409 (4th Cir.1983). Here, as the circuit court held, Worsley does not have a protected property interest in connecting to the sewer line or the certificate of occupancy. Furthermore, the denial of the water and sewer permit was not arbitrary or capricious. As discussed above, Commission has a reasonable requirement of an easement or some other agreement when a water and sewer line is to be connected to an existing line owned by a different party.

Worsley then argues in its brief whether Town was grossly negligent is an issue of fact for the jury and, therefore, the circuit court erroneously granted summary judgment on the ground that the Tort Claims Act, S.C.Code Ann. § 15–78–60 (Supp.1997), was applicable. Under § 15–78–60(12) a governmental entity is not liable for a loss resulting from "licensing powers or functions including, but not limited to, the issuance, denial, suspension, renewal, or revocation of or failure or

refusal to issue, deny, suspend, renew, or revoke any permit, license, certificate, approval, registration, order, or similar authority except when the power or function is exercised in a grossly negligent manner."

 Worsley relies upon *Staubes v. City of Folly Beach*, 331 S.C. 192, 500 S.E.2d 160 (Ct.App.1998). In *Staubes*, the Court of Appeals held "[g]ross negligence is a mixed question of law and fact and should be presented to the jury *unless the evidence supports only one reasonable inference.*" *Id.* at 168. (emphasis added). Gross negligence is the intentional, conscious failure to do something which one ought to do or the doing of something one ought not to do. *Id.* at 167 (citing *Clyburn v. Sumter County School Dist. # 17*, 317 S.C. 50, 451 S.E.2d 885 (1994)). Here, the evidence supports only one reasonable inference. Town had no discretion and did not fail to do something it ought to do. Accordingly, the grant of summary judgment is

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.