THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Floral Beach Corporation, Inc.,       
Appellant,
 
 
 

v.

 
 
 
Zoning Board of Appeals of the Town of Surfside 
 Beach,        Respondent.
 
 
 

Appeal From Horry County
Sidney T. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-390
Heard March 12, 2003  Filed June 10, 
 2003

AFFIRMED

 
 
 
James C. McLeod, Jr., of Florence, for Appellant.
N. David DuRant, of Surfside Beach, for Respondent.
 
 
 

 PER CURIAM:  Floral Beach 
 Corporation, Inc. (Floral) appeals the denial of a variance to permit staircases 
 on the landward end of a beach walkover.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
The Town of Surfside Beach (Surfside) 
 issued a certificate of occupancy to Floral for two beachfront houses in Surfside.  
 Subsequently, Floral constructed staircases, without the appropriate permits, 
 on the landward end of beach walkovers to permit pedestrian traffic to and from 
 the beach from a point underneath the house.  
The Zoning Administrator (Administrator) notified 
 Floral the staircases were in violation of the Surfside Zoning Ordinance, sections 
 17-389(1) [1] and 17-390(b), [2] because the staircases were seaward of the shore protection 
 line and were seven feet wide.  Floral applied for a variance from the Surfside 
 Beach Zoning Board of Appeals (Board).  The Board denied the variance, ruling:  
 1) any hardship Floral suffered was self-imposed and did not result from exceptional 
 circumstances; 2) the conditions were not peculiar to the property involved; 
 and 3) if granted, the variance would cause a substantial hardship on the public 
 good because it would set a precedent for the Surfside Shore Protection Area.  

Floral appealed the decision to the circuit 
 court, claiming numerous errors on the part of the Board.  The circuit court 
 affirmed the Boards decision, ruling the Board appropriately denied the variance 
 pursuant to South Carolina Code Annotated section 6-7-740 (1976). The circuit 
 court did not rule on any of Florals remaining issues.   
Floral moved the circuit court for reconsideration 
 pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, arguing 
 the circuit court erred in denying its variance because:  1) the Beachfront 
 Management Act preempts the Surfside Beach Code; 2) Florals variance request 
 met the elements required for a variance; 3) the denial of the variance violated 
 due process and equal protection; and 4) the denial of the variance was arbitrary 
 and capricious.  The circuit court summarily affirmed its original order.  Floral 
 appeals.
STANDARD OF REVIEW
In the context of zoning, a decision 
 of a reviewing body, . . . will not be disturbed if there is evidence in the 
 record to support its decision.  Peterson Outdoor Adver. v. City of Myrtle 
 Beach, 327 S.C. 230, 235, 489 S.E.2d 630, 632 (1997).  However, the decision 
 of the zoning board will not be upheld where it is based on errors of law, . 
 . . or where there is no legal evidence to support it, or where the board acts 
 arbitrarily or unreasonably, . . . or where, in general, the board has abused 
 its discretion.  Id. (quoting Hodge v. Pollock, 223 S.C. 342, 
 348, 75 S.E.2d 752, 754-55 (1953)).
DISCUSSION
I.       Denial of the Variance
Floral argues the circuit court erred in affirming 
 the decision of the Board because Florals properties met all the required elements 
 for a variance pursuant to South Carolina Code Annotated section 6-7-740 (1977) 
 (repealed 1999).  We disagree.
Section 6-7-740, permits the Board to grant a variance 
 when:

(a) There are extraordinary and exceptional conditions pertaining 
 to the particular piece of property in question because of its size, shape, 
 or topography, and (b) The application of the ordinance or resolution of this 
 particular piece of property would create an unnecessary hardship, and (c) Such 
 conditions are peculiar to the particular piece of property involved, and (d) 
 Relief, if granted, would not cause substantial detriment to the public good 
 or impair the purposes and intent of the ordinance or resolution or the comprehensive 
 plan, provided, however, that no variance may be granted for a use of 
 land or building or structure that is prohibited in a given district by ordinance 
 or resolution.

The variance applicant bears the burden of demonstrating 
 all four of the above elements favor granting the variance.  Restaurant Row 
 Assoc. v. Horry County, 335 S.C. 209, 217, 516 S.E.2d 442, 446 (1999).
The Board denied Florals request for a variance, 
 ruling:  1) Floral created its own hardship by constructing the staircases without 
 a permit; 2) Floral could still secure a reasonable return for its properties; 
 3) the conditions were not peculiar to the pieces of property involved; and 
 4) if granted, the variance would set a precedent and thereby cause a substantial 
 detriment to the public good.
Testimony before the Board indicates the houses 
 in question were the maximum size houses that could be built on the properties.  
 Furthermore, both the Administrator and Michael S. Culler, a land surveyor, 
 testified the staircases could have been built at a different location on the 
 property without violating the ordinances.  Moreover, the Administrator testified 
 a permit application for the construction would have been denied if requested.  

We hold sufficient evidence exists to support a finding 
 Floral created any hardship it suffered.  Therefore, Floral has failed to meet 
 all of the elements of section 6-7-740.  Consequently, we hold the circuit court 
 did not abuse its discretion in affirming the decision of the Board. 
 [3]   See Restaurant Row Assoc., 335 S.C. at 217, 516 S.E.2d 
 at 446 (1999).
 II.              
Mitigation 
 
Floral argues the circuit court erred in affirming 
 the Board because the Board was required to offer Floral the possibility of 
 mitigation for the violation of the ordinance, but did not do so.  We disagree.
It is axiomatic that an issue cannot 
 be raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review.  Wilder Corp. 
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).       
Floral did not appeal this issue to the circuit 
 court.  Furthermore, the circuit court did not rule on this issue.  Moreover, 
 Floral did not raise this issue in its motion for reconsideration pursuant to 
 Rule 59(e), South Carolina Rules of Civil Procedure.  Therefore, this issue 
 is not preserved for appellate review.  
 III.           Considering 
 Matters Not Within the Record
Floral argues the circuit court erred in considering 
 matters that were not in the record before the Board.  We disagree.
A party cannot argue one theory at trial and a 
 different theory on appeal.  McClary v. Witherspoon, 251 S.C. 523, 527, 
 164 S.E.2d 220, 222 (1968); Gurganious v. City of Beaufort, 317 S.C. 
 481, 488, 454 S.E.2d 912, 916 (Ct. App. 1995); see also Wilder Corp., 
 330 S.C. at 76, 497 S.E.2d at 733 (It is axiomatic that an issue cannot be 
 raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review.).         
As part of its defense for the staircases, Floral 
 introduced evidence that adjacent properties had similar staircases.  In response, 
 counsel for the Board stated these properties with similar structures were constructed 
 before the passage of the rule, and therefore, these properties were not subject 
 to the ordinance.  Floral argues the circuit court improperly considered these 
 statements.
There is no evidence the circuit court considered 
 these statements when making its ruling.  The circuit courts order states Floral 
 failed to prove all four elements required to receive a variance.  Thus, the 
 circuit court affirmed the ruling of the Board.  The circuit court did not make 
 any further findings or rulings.  Furthermore, Floral did not raise this issue 
 in his motion for reconsideration pursuant to Rule 59(e), South Carolina Rules 
 of Civil Procedure.  Therefore, this issue is not preserved for appellate review.  

IV.    Equal Protection Violation
Floral argues the circuit court erred by affirming 
 the decision of the Board because adjacent houses with similar staircases were 
 not forced to remove their steps, and thus, the denial of its variance is a 
 violation of equal protection.  Floral contends the ordinances, although constitutional 
 on their face, are being applied in a discriminatory manner.  We disagree.
The Equal Protection Clause provides that  [n]o 
 State shall . . . deny to any person within its jurisdiction the equal protection 
 of the laws.   U.S. Const. amend.  XIV, § 1.  Furthermore, the South Carolina 
 Constitution, provides, [no person] shall . . . be denied the equal protection 
 of the laws.  S.C. Const. art. I, § 3
The sine qua non of an equal protection 
 claim is a showing that similarly situated persons received disparate treatment.  
 Grant v. South Carolina Coastal Council, 319 S.C. 348, 354, 461 S.E.2d 
 388, 391 (1995).   Thus, the initial burden of proving disparate treatment is 
 on the moving party.  Id.  
Floral presented evidence demonstrating adjacent landowners 
 had structures similar to the staircases attached to Florals house.  Florals 
 counsel stated he made a Freedom of Information Act request to the Board, requesting 
 to review files regarding adjacent houses containing staircases similar to the 
 staircases attached to his house.  He stated the files did not indicate when 
 the similar houses or their attached staircases were built.  Additionally, Floral 
 requested the circuit court take judicial notice that Hurricane Hugo damaged 
 many homes in Surfside Beach in 1989.  Floral did not present any additional 
 evidence to support its equal protection claim.
Given the evidence presented, Floral 
 has failed to establish a claim for an equal protection violation because it 
 has failed to demonstrate the Board allowed the owners of the similar houses 
 to construct the staircases following passage of the ordinances.  Rather, at 
 most, Floral has demonstrated the owners of the adjacent houses have similar 
 staircases.  Without more, Floral has failed to make a prima facie showing of 
 an equal protection violation.
 IV.           Due Process 
 Violation
Floral argues the circuit court erred by affirming 
 the decision of the Board because the denial of its variance is a violation 
 of its due process rights.  We disagree.
[No state] . . . shall . . . deprive any person of 
 life, liberty, or property without due process of law . . . .  U.S. Const. 
 amend. XIV, § 1.  Similarly, the South Carolina Constitution provides no person 
 [shall] be deprived of life, liberty, or property without due process of           
 law . . . .  S.C. Const. art. I, § 3.   
The due process clauses of both the federal and state 
 constitutions have been interpreted to encompass two parallel protections  
 procedural and substantive due process.  Procedural due process protects a persons 
 right to be heard at a meaningful time and in a meaningful manner.  South 
 Carolina Dept of Soc. Serv. v. Beeks, 325 S.C. 243, 246, 481 S.E.2d 703, 
 705 (1997).  Substantive due process protects a person from being deprived 
 of life, liberty or property for arbitrary reasons.  Worsley Co. v. Town 
 of Mount Pleasant, 339 S.C. 51, 56, 528 S.E.2d 657, 660 (2000).  Thus, to 
 state a substantive due process claim, [a] plaintiff must show that he was 
 arbitrarily and capriciously deprived of a cognizable property interest rooted 
 in state law).  Id. 
Initially, we note, Floral has not claimed any deficiencies 
 in the hearings or procedures used by the Board in denying his variance.  Thus, 
 Floral has not stated a procedural due process claim.   See South 
 Carolina Dept. of Soc. Serv., 325 S.C. at 246, 481 S.E.2d at 705.  
Furthermore, Florals substantive due process argument 
 claims the Board applied the ordinances in an arbitrarily and capricious manner.   
 However, Florals claim rests on the same facts as its equal protection claim.  
 Thus, at most, Floral has demonstrated the Board prohibited Floral from maintaining 
 staircases with particular characteristics, while allowing adjacent landowners 
 to maintain similar staircases.  Without more, this evidence is insufficient 
 to support a claim for a substantive due process violation because Floral has 
 failed to demonstrate the Board permitted the adjacent property owners to maintain 
 similar staircases, under similar conditions and circumstances, while Floral 
 was prohibited from doing so.  Therefore, there is no evidence to sustain Florals 
 claim that the denial of its variance was arbitrary and capricious.
CONCLUSION
For the foregoing reasons, the decision of the circuit 
 court affirming the decision of the Board is 
AFFIRMED.
CURETON, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Town of Surfside Beach Zoning Ordinance, § 17-389(1), provides:  
 (1) Dune crossings shall be permitted in all lots lying contiguous to the 
 Atlantic Ocean . . . . [However,] the boardwalk shall be no more than four 
 (4) feet wide, leaving at least three-fourths of an inch between each plank 
 or board to permit partial transfer of sand . . . .

 
 [2] Town of Surfside Beach 
 Zoning Ordinance, 17-390(b), provides:  No construction or development shall 
 be permitted on any lot contiguous to the Atlantic Ocean until such time as 
 a shore protection line has been determined on such lot pursuant to section 
 17-388 [stating the shore protection line shall be the line twenty linear 
 feet landward of the property line or of the landward trough of the primary 
 ocean front sand dune].

 
 [3] Additionally, Floral raised the 
 following arguments on appeal:  1) Floral met the requirements for a variance; 
 2) any hardship from the removal of the stairs would be on the dune system; 
 and 3) the staircases are not harmful to the dunes.  However, because we hold 
 Floral failed to meet the necessary elements required for a variance, we need 
 not address Florals additional arguments.