THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Terrance V. Smith, Appellant.
 
 
 

Appeal from Lexington County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2005-UP-600
Submitted November 1, 2005  Filed November 30, 2005

AFFIRMED

 
 
 
 Mary P. Miles, of West Columbia; for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor Donald V. Myers, of Lexington; for Respondent.
 
 
 

PER CURIAM:  Terrance V. Smith and a codefendant were convicted in a joint trial for the offenses of murder, assault and battery with intent to kill, conspiracy and attempted armed robbery.  Smith appeals his convictions and argues the trial court erred in: (1) failing to grant his motion to sever; (2) failing to grant various motions in connection with the testimony of John Hayward; (3) failing to instruct the jury on self-defense; and (4) failing to grant motions for a directed verdict or a new trial.  We affirm pursuant to Rule 220(b)(2), SCACR.
1.  The trial court did not abuse its discretion in denying Smiths motion to sever his trial from that of his codefendant. Smiths various arguments find no traction in this record and provide no basis for reversal.  State v. Dennis, 337 S.C. 275, 281, 523 S.E.2d 173, 176 (1999) (noting that defendants jointly tried for murder are not entitled to separate trials as a matter of right; the rule permitting joint trials applies with equal force when a defendants severance motion is based upon the likelihood he and a codefendant will present mutually antagonistic defenses); State v. Avery, 333 S.C. 284, 294-95, 509 S.E.2d 476, 482 (1998) (finding no abuse of discretion in denial of severance and observing that if appellant had been tried separately from [his codefendant], the same evidence could have been presented); State v. Nichols, 325 S.C. 111, 122, 481 S.E.2d 118, 124 (1997) (noting that a motion for severance and separate trial is addressed to the sound discretion of the trial court and such determination will be sustained absent an abuse of discretion).
2.  The challenge to the admissibility of John Haywards in-court identification of Smith is without merit.  State v. Traylor, 360 S.C. 74, 81-83, 600 S.E.2d 523, 527-28 (2004) (finding identification reliable and admissible notwithstanding suggestive procedure where witness had opportunity to observe and expressed high level of certainty); State v. Moore, 343 S.C. 282, 286-87, 540 S.E.2d 445, 447-48 (2000) (noting that an in-court identification is inadmissible if a suggestive out-of-court identification created a substantial likelihood of misidentification, and that such inquiry entails consideration of the totality of the circumstances); State v. Brown, 356 S.C. 496, 504,  589 S.E.2d 781, 785 (Ct. App. 2003) (noting that the factors to consider when assessing the reliability of an identification include opportunity to view the crime, degree of attention, accuracy of prior description, level of certainty and amount of time from crime to confrontation); State v. Tisdale, 338 S.C. 607, 611, 527 S.E.2d 389, 391-92 (Ct. App. 2000) (finding that the admission of identification evidence is within the discretion of the trial court, and the trial courts determination will not be reversed absent a showing of error and prejudice).  Even assuming, however, error in the admission of Haywards in-court identification of Smith, we are firmly convinced that such error would be harmless in view of the other evidence of Smiths guilt.  State v. Pagan, 357 S.C. 132, 144-45, 591 S.E.2d 646, 653 (Ct. App. 2004) (noting that error is harmless where it could not reasonably have affected the result of the trial  [and that] [t]he admission of improper evidence is harmless where the evidence is merely cumulative to other evidence).  In connection with the remaining assignments of error concerning Haywards testimony: State v. Hughes, 336 S.C. 585, 597,  521 S.E.2d 500, 506 (1999) (The decision whether to grant a mistrial because of a witnesss outburst rests within the sound discretion of the trial judge and will not be reversed absent an abuse thereof or manifest prejudice to the complaining party.); State v. Needs, 333 S.C. 134, 144, 508 S.E.2d 857, 862 (1998) ([T]his Court has more than once held that the jury is the judge of which contradictory statement of the witness is the truth. (quoting Soulios v. Mills Novelty Co., 198 S.C. 355, 364, 17 S.E.2d 869, 874 (1941)));  State v. Jones, 325 S.C. 310, 318, 479 S.E.2d 517, 521 (Ct. App. 1996) (holding that verdicts should not be set aside by an appellate court for misconduct in a trial, unless the evidence is clear and convincing that extraneous influences so interfered with the conduct of the trial, or so pressed upon the jury, as to become factors in the result); 98 C.J.S. Witnesses § 103 (2002) (noting that false statements in a witnesss testimony is considered relevant only to the extent it affects credibility, not competence); See In re Robert M, 294 S.C. 69, 70-71, 362 S.E.2d 639, 640-41 (1987) (finding that the determination of a witnesss competency rests in the discretion of the trial judge, whose decision will be affirmed absent an abuse of discretion).
3.  Smiths alleged error in the trial courts failure to charge self-defense is not preserved for appellate review, for no such request was made in the trial court.  State v. Hicks, 330 S.C. 207, 214, 499 S.E.2d 209, 217 (1998) (finding that a failure to request specific instruction waives right to challenge issue on appeal).
4.  The trial court properly denied Smiths motion for a directed verdict.  State v. Kelsey, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (finding that on a directed verdict motion in a criminal case, the evidence must be viewed in the light most favorable to the State).  There was no error in the denial of the motion for a new trial, as the motion merely incorporated the various objections and challenges made during the trial.[1]
AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]     We decide this case without oral argument pursuant to Rule 215, SCACR.