**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Doe, A Minor, Appellant,

v.

Allendale County School District, Respondent.

Appellate Case No. 2018-001567

---

Appeal From Allendale County
Perry M. Buckner, III, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-296
Heard March 10, 2021 – Filed August 11, 2021

---

**AFFIRMED**

---

William Koatesworth Swope, of The Swope Law Firm, Mallary Lauren Scheer, of Mallary L. Scheer, Attorney at Law, LLC, Susan King Dunn, and Shirene Carole Hansotia, of the ACLU of South Carolina, all of Charleston, for Appellant.

Kenneth Allen Davis, Tierney Felicia Dukes, and Charles J. Boykin, all of Boykin & Davis, LLC of Columbia; and Kierra N. Brown, of Copeland, Stair, Kingma & Lovell, LLP, of Charleston, all for Respondent.

---

**PER CURIAM:**  John Doe appeals the circuit court's order affirming his one-year expulsion from the Allendale County School District (the School District).  He argues the circuit court erred by failing to rule the School District's zero-tolerance policy violated his substantive due process rights.  We affirm.

We find Doe failed to preserve his argument that the School District's zero-tolerance policies violated his substantive due process rights for appellate review.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").  Doe asserted "the statute may well be unconstitutional on due process and/or equal protection grounds" to the circuit court.  However, this argument was made concerning *procedural* due process because Doe's father was on the Board of Trustees, which he asserts deprived him of a neutral decision maker.  Procedural due process is distinct from substantive due process; thus, he failed to raise the issue of substantive due process to the circuit court.  *See Worsley Companies, Inc. v. Town of Mount Pleasant*, 339 S.C. 51, 56, 528 S.E.2d 657, 660 (2000) ("Substantive due process protects a person from being deprived of life, liberty or property for arbitrary reasons."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 509 (2004) (providing procedural due process demands that a citizen deprived of life, liberty, or property be afforded a meaningful opportunity to contest the factual basis for that deprivation before a neutral decision maker); *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property.").

Doe argues the circuit court ruled on the due process issue in the second footnote of its order.  However, the second footnote also dealt with procedural due process and makes no mention of substantive due process or rational basis.  Further, Doe failed to raise substantive due process in a Rule 59(e), SCRCP motion.  *See Elam*, 361 S.C. at 24, 602 S.E.2d at 780 ("A party *must* file such a [Rule 59(e),] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."); *Wigfall v. Tideland Utilities, Inc.*, 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) (holding issues raised to the circuit court in its appellate jurisdiction were not preserved for further appellate review when the circuit court heard the issue but did not rule upon it and the appellant failed to request a rulling on the issue in a Rule 59(e) motion).  Based on the foregoing, we find Doe failed to preserve this issue for appellate review.

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**